UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE MURRELL, JR., | : | |
| | : | |
| Petitioner | : | |
| vs. | : | CIVIL NO. 1:CV-13-2573 |
| | : | |
| SUPT. NANCY GIROUX, *et al.,* | : | (Judge Caldwell) |
| | : | |
| Respondents | : | |

*M E M O R A N D U M*

I.   *Introduction*

Along with a co-defendant, Justin Glover, the pro se petitioner, Lawrence Murrell, Jr., was convicted in the Court of Common Pleas of Dauphin County, Pennsylvania, of first-degree murder, criminal conspiracy to commit murder, and abuse of a corpse. He was sentenced to life imprisonment. He pursued state-court remedies and then filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Presently before the court are Petitioner's revised motion for discovery (Doc. 36), motion to compel (Doc. 41), and motion for sanctions (Doc. 42). For the reasons that follow, the court will deny these motions.

II.   *Standard of Review*

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 1796-97, 138 L.Ed.2d 97 (1997); *see also United States v. Purcell*, 667 F. Supp. 2d 498, 518 n.20 (E.D. Pa. 2009) (28 U.S.C. § 2255 motion) (quoting *Bracy*).

Instead, Rule 6(a) of the rules governing section 2254 proceedings provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  The scope of discovery is subject to the district court's discretion.  *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011).  The court may abuse that discretion if it denies discovery that is essential for a habeas petitioner to fully develop his claim.  *Id.*  The burden is on the petitioner to show good cause.  *Id.*  The court will not authorize a habeas petitioner's "fishing expedition through the government's files in hopes" of finding exculpatory evidence.  *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994)(quoted case omitted).

III.   *Discussion*

          After Murrell filed a supplement to the Petition, Respondent filed a Response.  (Doc. 30).  Murrell then filed a discovery motion seeking the production of his entire trial transcript.  (Doc. 32).  Shortly thereafter he filed a revised discovery motion seeking the production of three expert reports he claims the prosecution failed to disclose.[1] (Doc. 36).  On September 22, 2014, the court directed the government to produce the trial transcript and file a response to Murrell's supplemental discovery motion.  (Doc. 40). Several months after Respondent failed to timely comply with the court's order to produce

---

[1]  Murrell identified the missing reports as: (1) an FBI "One Man Job Opinion"; (2) a "Pedeology" report; and (3) a "Landscape Architecture" report.  *See* Doc. 27, ECF pp. 3-4. Murrell reports that his co-defendant "saw the opinion [in the first report] and returned it to the lawyer representing him at the time".  (*Id.*, ECF p. 3).

the trial transcript and respond to Murrell's second discovery motion, Murrell filed a motion to compel (Doc. 41) and motion for sanctions (Doc. 42).

The wrongful withholding of an expert report that may suggest an alternative theory, or plausible explanation for the details of the crime, other than that presented by the prosecution at trial, would support a constitutional claim under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).  With that said, upon examination of the claims presented in the habeas petition and Murrell's request for discovery, he has not shown good cause for permitting discovery in this situation.  His request appears more like a fishing expedition than a search for discovery necessary to support a claim presented in his habeas petition.

First, as Respondent notes, Murrell does not raise any *Brady*-type claims in his habeas petition.  Second, a review of the state court opinions addressing Murrell's direct appeal and PCRA petitions also does not identify any *Brady*-type claims presented to the state courts.  *See* Docs. 48-14 and 48-17.  Contrary to Murrell's argument, the government has not in any way waived its ability to object to his raising of such claims for the first time in his habeas proceedings.  It is also noted that none of the myriad of ineffective-assistance-of-counsel claims raised by Murrell in his PCRA and habeas petition relate to counsel's alleged ineffectiveness for failing to obtain the "one man job" report which Murrell admittedly knew of prior to his trial.[2]

--------

[2]  Murrell did raise a claim of counsel's ineffectiveness to obtain a DNA expert to rebut the government's DNA expert.  This claim, however, does not relate to any of the three requested expert reports allegedly withheld from Murrell.

Moreover, Murrell does not point to any evidence in support of the existence of any of the requested expert reports, or that the government is in possession of these reports.  (The government denies it has these reports.)  Specifically, with respect to the "one man job" report, Murrell only provides his own affidavit in which he states his co-defendant told him of its existence shortly after his arrest.  Alone, this self-serving affidavit does not establish good cause for having the government search its files for the possible existence of these reports that do not have any bearing on his habeas petition.  While he claims his co-defendant "saw the Opinion and returned it" to his lawyer at the time (Doc. 37, ECF p. 3), Murrell does not provide an affidavit from Glover or Glover's counsel attesting to this fact.  Thus, Petitioner's statement of the report's existence, over the government's denial, is nothing more than unsubstantiated hearsay at best.[3]

As Murrell failed to raise a *Brady*-type claim in his direct appeal or PCRA proceedings, or his habeas petition, and there is no evidence to support the existence of any of the expert reports requested or facts to suggest the Commonwealth ever had such reports but withheld them from him, he has failed to demonstrate good cause.  His motion for discovery of the three requested expert reports will therefore be denied.

---

[3]  Significantly, in a discovery motion quite similar to Petitioner's that sought the same "one man job" and other expert reports, Glover never states he actually saw the "one man job" report.  Rather, Glover states he only *heard* of its existence from his Maryland attorney.  *See Glover v. Coleman*, No. 3:CV-14-1800 (Conaboy, J.) (Doc. 13, ECF p. 3) ("[Glover's] attorney from Maryland visited petitioner in county jail and informed petitioner about an expert opinion in the Maryland discovery which states one person committed the crime . . .").

　　　　　To the extent Murrell sought the disclosure of his complete trial transcript, the court previously granted this request.  (Doc. 40).  It is undisputed that the government provided Murrell with a copy of the transcript, albeit untimely.  *See* Doc. 48-2 through Doc. 48-12.  Murrell has not suggested how he has been harmed by this untimely receipt of his trial transcript, or why he filed his reply prior to receiving the transcript if it was critical to his reply.  In light of these facts, Murrell's motion to compel production of his trial transcript and motion for sanctions for Respondent's delayed production of his trial transcript are denied.

　　　　　We will issue an appropriate order.


　　　　　　　　　　　　　　　　　　　/s/ William W. Caldwell
　　　　　　　　　　　　　　　　　　　William W. Caldwell
　　　　　　　　　　　　　　　　　　　United States District Judge


Date: August 20, 2015